UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Nakia Vestal,<br><br>                    Plaintiff,<br><br>    v.<br><br>AmSher Collection Services, Inc.,<br><br>                    Defendant. | Civil Action No.: 4:14-cv-1768<br><br>**COMPLAINT**<br>**JURY** |

For this Complaint, Plaintiff, Nakia Vestal, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), in its illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff, Nakia Vestal ("Plaintiff"), is an adult individual residing in Houston, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant, AmSher Collection Services, Inc. ("AmSher"), is an Alabama business entity with an address of 600 Beacon Parkway West, Suite 300, Birmingham, Alabama 35209, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.   The Debt**

5.   Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

6.   The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7.   The Debt was purchased, assigned or transferred to AmSher for collection, or AmSher was employed by the Creditor to collect the Debt.

8.   Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.   AmSher Engages in Harassment and Abusive Tactics**

9.   On or about May 14, 2014, Plaintiff called Defendant to pay the Debt.

10.   Defendant promised Plaintiff that it would send her a settlement letter with proof that the Debt was paid if she agreed to a settlement arrangement.

11.   Plaintiff agreed to the settlement and paid the Debt.

12.   Thereafter, Defendant did not send Plaintiff the promised settlement letter confirming that the Debt was paid.

13.   Plaintiff called Defendant at the end of May 2014 to request the letter.

14.   Defendant told Plaintiff that it would only send the settlement letter after Plaintiff provided written authorization and a copy of her bank statement.

**C.   Plaintiff Suffered Actual Damages**

15.   Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

16.     As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

17.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18.     Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive and/or misleading representations or means in connection with collection of the Debt.

19.     Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect the Debt.

20.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA.

21.     Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

5. Actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

6. Remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a);

7. Punitive damages; and

8. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 24, 2014

Respectfully submitted,

By /s/ Jenny DeFrancisco

Jenny DeFrancisco, Esq.
CT Bar No.: 432383
LEMBERG LAW LLC
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424